IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY ROBERT SCHALZ,

    Petitioner,

v.

JERI TAYLOR, Superintendent,
Two Rivers Correctional Facility,

    Respondent.

Civil No. 2:14-cv-00699-AC

FINDINGS AND RECOMMENDATION

C. RENEE MANES
Assistant Federal Public Defender
101 S.W. Main Street
Suite 1700
Portland, OR 97204

    Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
SAMUEL A. KUBERNICK
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR 97301

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner, an inmate at the Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Currently before the Court is Petitioner's "Motion for Protective Petition and Order of Stay and Abeyance" (#4). For the reasons that follow, Petitioner's motion should be DENIED and a judgment of dismissal without prejudice should be entered.

## BACKGROUND

Petitioner pleaded guilty in Wasco County Circuit Court to charges of Manslaughter in the First Degree and Unlawful Use of a Weapon. The judgment of conviction was entered on October 28, 2011. Petitioner did not file a direct appeal.

On April 2, 2014, Petitioner signed a petition for state post-conviction relief ("PCR"), which was filed in the Umatilla County Circuit Court on April 7, 2014. On April 15, 2014, the PCR trial court issued an "Order to Show Cause" directing Petitioner to respond and show cause why the PCR petition should not be dismissed on the basis that it was not timely filed. Petitioner responded, and on May 28, 2014, the PCR trial court issued an order dismissing the Order to Show cause and allowing the PCR petition to proceed. The PCR court also appointed counsel for Petitioner and set further deadlines for the PCR trial proceedings.

On April 2, 2014, the same day he signed his state PCR petition, Petitioned signed a *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, which was filed in this Court. Petitioner acknowledges that none of the grounds for relief alleged in his federal Petition have been presented to Oregon's highest state court. Petitioner now seeks an order staying this proceeding and holding his Petition in abeyance pending completion of the state PCR proceedings. Respondent

2 - FINDINGS AND RECOMMENDATION -

filed a response in objection to the motion, and appointed counsel filed a reply in support on Petitioner's behalf.

## DISCUSSION

A federal court may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims *before* those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (emphasis added); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (to give the state the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief). To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claims to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155–56 (9th Cir. 2003) (en banc).

Petitioner admits he has not exhausted any of the claims alleged in his federal Petition, as his state PCR proceeding remains pending at the PCR trial court level. Nevertheless, Petitioner argues that he is entitled to pursue federal habeas relief because the Petition is a "protective petition" filed pursuant to *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) and *Rhines v. Weber*, 544 U.S. 269 (2005).

3 - FINDINGS AND RECOMMENDATION -

In *Pace*, the Supreme Court considered the question whether the 28 U.S.C. § 2244(d)(2) statutory tolling provision could apply to a state post-conviction petition that the state court found to be untimely under state procedural rules. *Pace*, 544 U.S. at 417. The Court held such a state post-conviction is not "properly filed" for the purposes of § 2244(d)(2), and no statutory tolling may be afforded for the time while it is pending. *Id*.

The Supreme Court acknowledged in *Pace* the petitioner's argument that the holding was unfair because a litigant might attempt, in good faith, to exhaust his state remedies only to find at the conclusion of his exhaustion process that his state post-conviction petition would not afford him a basis for statutory tolling. In *dicta*, the Court observed that a "prisoner seeking state post-conviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings" pursuant to the stay procedure established in *Rhines*. *Pace*, 544 U.S. at 417[1].

In *Rhines*, the Supreme Court considered "the problem of a 'mixed' petition for habeas relief in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not." *Rhines*, 544 U.S. at 271. The Court held that a district court has the discretion to stay a "mixed" petition to allow a petitioner to exhaust his unexhausted claims in the state court and then return to federal court to have his now fully-exhausted habeas petition considered. *See id*. at 277–78. The stay procedure established by

---

[1]The "protective petition" comment in *Pace* was *dicta*, as the *Pace* decision and holding revolve around the effect of a state court's untimeliness finding on the statutory tolling that may be available when a habeas petition is otherwise untimely; the decision did not purport to resolve any exhaustion issue or alter any well-established exhaustion doctrines. *Flores-Gonzales v. Long*, 2013 WL 1164400, * 4 n.5 (C.D. Cal., March 20, 2013).

4 - FINDINGS AND RECOMMENDATION -

*Rhines* applies only to "mixed" habeas petitions, not those that are fully unexhausted. *See Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005) (noting that, unlike the Ninth Circuit's three-step stay and abeyance procedure applicable to fully exhausted petitions, "*Rhines* applies to stays of mixed petitions").

*Rhines* provides no aid when a petition is fully unexhausted. Indeed, a fully unexhausted federal habeas petition may not be stayed and must be dismissed. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing that "[o]nce a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust"); *Jones v. McDaniel*, 320 Fed. Appx. 784, 786 (9th Cir.) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines* stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted"), *cert. denied*, 558 U.S. 886 (2009); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (a district court is obliged to dismiss immediately a petition that contains no exhausted claims), *cert. denied*, 538 U.S. 949 (2003).

Petitioner argues the instant Petition falls within the *Pace* dicta regarding protective petitions. However, even if the Supreme Court's dicta in *Pace* could serve as authority for filing a protective petition, any such authority would extend only to a mixed petition, not a fully unexhausted petition such as filed in this case. *See Walker v. Uribe*, 2011 WL 6181939, at *4 (E.D.Cal. Dec, 13, 2011) (observing, in connection with finding that a fully exhausted petition could not be stayed and must be dismissed that although *Pace* dicta adverted to the possibility of

5 - FINDINGS AND RECOMMENDATION -

filing a protective petition to permit exhaustion of claims stated therein, the suggestion was made in connection with a discussion of a *Rhines* stay, which is appropriate in cases involving not a fully unexhausted petition such as that in the present case, but rather a mixed petition containing both exhausted and unexhausted claims), *vacated as moot by* 2012 WL 592187 (E.D. Cal., Feb. 22, 2012); *Lopez v. Schwarzenneger*, 2010 WL 2880145, at *4 (E.D.Cal. July 21, 2010) (finding that a fully unexhausted petition is not a 'protective' petition as discussed in *Pace* because the court's ruling in *Pace* was premised on the fact that the petition was mixed, not completely unexhausted); *Brown v. Dexter*, 2008 WL 4384181, at *4 (C.D.Cal. Aug. 21, 2008) (same).

Petitioner's state judicial remedies are as yet unexhausted, as his state PCR proceeding remains pending. Because the federal Petition is fully unexhausted, Petitioner's request for a stay should be denied and the Petition should be dismissed without prejudice.[2] *Rose*, 455 U.S. at 522.

## RECOMMENDATION

For these reasons, Petitioner's "Motion for Protective Petition and Order of Stay and Abeyance" (#4) should be DENIED, and an Order and Judgment of dismissal without prejudice should be entered. A certificate of appealability should be denied as Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

---

[2]Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that the Petition is unexhausted. *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998) (the court may raise exhaustion problems *sua sponte*).

6 - FINDINGS AND RECOMMENDATION -

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due October 13, 2014. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 14 days after the objections are filed. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 25th day of September, 2014.

John V. Acosta
United States Magistrate Judge

7 - FINDINGS AND RECOMMENDATION -