IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JEFFREY ROBERT SCHALZ,**

        Petitioner,

   v.

**JERI TAYLOR, Superintendent,**
Two Rivers Correctional Facility,

        Respondent.

No. 2:14-cv-00699-AC

OPINION AND ORDER

**MOSMAN, J.**,

On September 25, 2014 Magistrate Judge Acosta issued his Findings and Recommendation ("F&R") [19] in the above-captioned case, finding that Petitioner Jeffrey Schalz's Motion for Protective Petition and Order of Stay and Abeyance [4] should be denied, an order and judgment of dismissal without prejudice should be entered, and a certificate of appealability should be denied. Mr. Schalz objected [21] to the F&R, and the Defendant responded [22].

**LEGAL STANDARD**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. I am not bound by the recommendations of the magistrate judge; instead,

1 – OPINION AND ORDER

I retain responsibility for making the final determination. I am required to review de novo those portions of the report or any specified findings or recommendations within it to which an objection is made. 28 U.S.C. § 636(b)(1). However, I am not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether objections have been filed, in either case I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1).

## DISCUSSION

Mr. Schalz moves for a protective petition that would hold his federal habeas claim in abeyance pending exhaustion of his state court remedies under *Rhines v. Weber,* 544 U.S. 269 (2005) and *Pace v. DiGuglielmo,* 544 U.S. 408 (2005). Petitioner's Motion [4]. This court has discretion to grant such a stay when presented with a "mixed" habeas petition; that is, a petition containing some exhausted claims and some claims that are not exhausted. *Rhines,* 544 U.S. at 275.

Mr. Schalz seems to concede that his habeas petition contains only unexhausted claims for relief. Petitioner's Reply [18] at 5. He argues *Pace* gives this court the discretion to stay both mixed and "unmixed" petitions such as his. Petitioner's Objections to Findings and Recommendation [21] at 2. He relies on the *Pace* Court's statement that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace,* 544 U.S. at 416. Thus in his view, reasonable confusion as to the timeliness of his state court filing is all that is required for the

federal court to grant him a protective petition; he need not present both exhausted and unexhausted claims. Plaintiff's Objection [21] at 2.

Even if Mr. Schalz is correct, the Ninth Circuit cabined the district court's discretion to staying only mixed petitions in *Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead it may simply dismiss the habeas petition for failure to exhaust."); F&R at 5. *See also Lopez v. Schwarzenneger,* 2010 WL 2880145, at *4 (E.D. Cal. July 21, 2010), citing *Rasberry,* 448 F.3d at 1154; *Brown v. Dexter,* 2008 WL 4384181, at *4 (W.D. Cal. Aug. 21, 2008). When presented with a habeas petition containing only unexhausted claims, the district court must dismiss it. *Rasberry,* 448 F.3d at 1154, *citing Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) ("Once [the defendant] moved for dismissal, the district court was obliged to dismiss it immediately, as the petition contained no exhausted claims.") (internal citation omitted). Under *Rasberry,* this court lacks discretion to grant the stay Mr. Schalz requests for his wholly unexhausted claims, and his motion must be denied.

## CONCLUSION

Upon review, I agree with Judge Acosta's recommendations and ADOPT the F&R as my own opinion.

IT IS SO ORDERED.

DATED this   7th   day of November, 2014.

/s/ Michael W. Mosman\_\_\_\_
MICHAEL W. MOSMAN
United States District Judge

3 – OPINION AND ORDER